Louis L. Friedman, J.
In this article 78 proceeding, petitioners move for an order requiring the Comptroller and Treasurer of the City of New York to deliver and pay over to them the sum of $17,700.94 with interest at 4% from April 8, 1960. Respondents cross-move for an order dismissing the petition as a matter of law, on the ground that it fails to state facts sufficient to entitle the petitioners to the relief requested.
Respondents, in addition to the general denials of the allegations of the petition and the pleading of 14 affirmative defenses, pleaded the Statute of Limitations specified in section 1286 of the Civil Practice Act, which bars the remedy of a mandamus where more than four months have elapsed since the final determination under review was made.
The facts briefly, as established by the petition, reveal that petitioners entered into a contract with the Borough President of Brooklyn, dated July 9, 1959, for the furnishing of all labor, materials and services for the construction of sewers and grading affecting East 80th Street from Foster Avenue to Farragut Road, Brooklyn, as well as other streets and roads in that immediate vicinity. This contract bears No. 190482. *541 In accordance with the terms thereof, petitioners completed the work on February 6, 1960, the completion was certified to by the Chief Engineer of the Department of Highways and Sewers on April 8, 1960, and was further certified by the Borough President’s office on April 13, 1960. After auditing by the Comptroller’s office on May 23, 1960, an order or warrant was issued directing the City Treasurer to pay to the petitioners the sum of $17,700.94, the balance due under the contract. Petitioners further allege that the City Treasurer unlawfully and wrongfully refused and still refuses to pay the money due until various claims for personal injuries filed against the City of New York resulting from work performed by petitioners under other contracts, are discharged or disposed of. It is conceded that these claims have no bearing or connection with the work done under the subject contract. The conditional offer of payment by the City Treasurer is dated May 26, 1960.
As to the defense of Statute of Limitations, petitioners argue that in accordance with paragraph XLI of the contract, the unlawful withholding constitutes a continuing wrong and extends beyond the date of the letter of the City Treasurer. It is the view of the court, however, that the cited paragraph is not applicable, and does not have the effect of continuing the wrong. It merely provides that where payment under the contract is properly due the contractor, and such payment be delayed beyond the period of 30 days after the certification by the Borough President’s office and the filing in the Comptroller’s office, the contractor shall be entitled to interest at the rate of 4%. This paragraph of the contract does not apply to a situation where there has been a refusal to pay or a conditional offer to pay, provided the incumbrances and claims are first disposed of.
While it may well be that the City Treasurer lacked the right to withhold such payment because of claims stemming from other contracts, the letter dated May 26, 1960, was a final determination by the City Treasurer that petitioners could only receive payment if and when the claims were disposed of. There was no continuing wrong, but rather a final determination to pay the petitioners provided the expressed conditions were complied with.
Accordingly, the cross motion to dismiss the petition is ground, without prejudice to the petitioners instituting any plenary action, if so advised, and without costs.